## 8599

### MIDDLETON, AS BISHOP, v. ELLISON.

CHURCHES—INJUNCTION.—Where the members of a church corporation are divided as to which faction is entitled to use the corporate name and control the property, the Courts are accustomed to enquire which party or division maintains the church organization as it existed before the division and to recognize that party. In all cases, except those in which complete or entirely peaceable possession is shown in the adverse faction, the Court will protect those adhering to the original organization in possession of the church property pending the litigation.

Before PRINCE, J., Charleston, October, 1912.    Affirmed.

Action by E. Russell Middleton, as Bishop of the Reformed Methodist Union Episcopal Church, and the Reformed Methodist Union Church, against J. A. Ellison, T. C. Colclough, D. D. Ross *et al.*

The Circuit decree is:

"This is a suit for injunction brought by E. Russell Middleton, as Bishop of the Reformed Methodist Union Episcopal Church, and by the Reformed Methodist Union Church, a South Carolina corporation commonly known as The Reformed Methodist Union Episcopal Church. The action is brought against certain individuals, named as defendants herein, who, it is alleged, are claiming and assuming to be the regular church, are using the corporate name of the church, and are conspiring to injure and destroy the church and church government of the plaintiffs; it is further alleged that the defendants are creating disturbances and have caused conflicts to take place in some of the churches and congregations of the plaintiff corporation and are interfering with and undertaking to take possession of certain of the church property; it is also alleged that the defendants have undertaken to hold meetings in the name of the plaintiff corporation and have called a

meeting for November 4, 1912, to consider making certain changes in its charter.

"The matter comes before me now on an application for a restraining order, *pendente lite,* under a rule to show cause issued by me and duly served on the defendants, and under the return of the defendants and sundry affidavits submitted by both sides.

"Many points and questions of fact have been raised at the hearing before me which I do not consider it necessary or proper for me to pass upon at the present time. The action being for injunction, the matter to be decided here is whether, under the showing made by the affidavits submitted and by the pleadings, the plaintiffs have shown that there are substantial questions to be decided and that the status of affairs existing at the commencement of the action should be preserved.

"Without going into a discussion of the facts or of the questions involved, I am satisfied that the plaintiffs under the showing made are entitled to a temporary restraining order.

"The question which requires more consideration is as to what property the restraining order should apply to and on this point there is great conflict between the statements made by the contending parties.

"The controversy concerns itself with a scism in the Reformed Methodist Union Episcopal Church, which is a religious organization made up of numerous congregations and with a large membership in this State and in Georgia. Each side claims to be in possession of certain of the churches and to have certain congregations with it, and affidavits are submitted by each party to sustain its respective contention.

"While there seems to be a dispute that plaintiffs represent the original organization, yet prior to the spring of this year the defendants were acting as a part of the plaintiff organization under Bishop Middleton. The organiza-

tion has been known as the Reformed Methodist Union
Episcopal Church for many years during which defendants
were members of and identified with it. Under these cir-
cumstances, the defendants will not be heard now to ques-
tion its right to use this name nor will the Court undertake
to inquire into its ecclesiastical acts. In such cases, the
Courts of law are accustomed to inquire which party or
division maintains the church organization as it existed and
to recognize this party. While not undertaking to decide
finally this question at the present time, it has become nec-
essary to consider the matter from this point of view, in
view of the conflicting statements of the affidavits sub-
mitted.

"It appears that several of the defendants who now claim
to be in possession under the defendant, Ellison, were
appointed to these charges by the plaintiff Bishop and took
possession under him. Since the scism in the church,
many of the congregations under these defendants have
been rent in twain and dissension and division exists
amongst them. Having been appointed and having entered
into possession under the Bishop, those of the defendants
whose congregations are divided cannot claim to be in
peaceable possession as against the Bishop and against that
portion of their congregation who still support him. On
the contrary, these pastors having been placed there by the
Bishop, he and his supporters are to be regarded as still in
possession under the circumstances disclosed at the hearing,
unless full and legal possession is shown to have been
obtained by the opposing faction. In all cases, therefore,
except those in which complete or entirely peaceable pos-
session is shown, the plaintiffs are entitled to be free from
interference during the pendency of this action.

"In the churches of St. James in the St. James Circuit in
Clarendon county, and of St. Peter's and Zion in the Lake
City Circuit, the plaintiffs concede the fact that all or prac-
tically all of the members of the congregations have sided

with the defendants and that the latter are practically in complete possession. In the case of St. Mark's Church in St. Andrew's Parish, Charleston county, it would also appear from the statements made that although plaintiffs claim that certain of the members are opposed to defendants, the large majority are with Ellison and his associates and no disturbances have occurred with reference to their possession.

"In these cases, I shall not interfere with the defendants and they may continue in their possession and control.

"With reference to the churches and congregations in the State of Georgia, I shall also not undertake to pass any order.

"With these exceptions, however, I think plaintiffs are entitled to a temporary restraining order against the defendants. It is therefore ordered that during the pendency of this action and until further order of the Court the defendants and all acting under them be and they are hereby restrained and enjoined from interfering with plaintiffs in the exercise of their rights, privileges and in performing their duties as a corporation as Bishop thereof respectively, in connection with the government of the said church and the direction and control of the congregation and places of worship thereof. * * *"

Defendants appeal.

*Messrs. Herndon & Monash* and *Davis & Weinberg,* for appellant.

*Messrs. Davis & Weinberg* cite: *Corporation chartered by statute can only change its name by statute:* 10 Cyc. 155, 156, 201, 210; 4 Ency. 204; 10 Rich. Eq. 604. *Law courts must accept as final decisions of ecclesiastical courts:* 13 Wall. 679; 1 Speer Eq. 87; 67 S. C. 341; 3 B. Mon. 253; 45 Mo. 183; 3 Pa. St. 291; 23 Ill. 456. *The Bishop cannot maintain this suit without authority from the corporation:*

11—95

67 S. C. 346; 20 Ency. 821; 11 So. 682; 18 N. Y. 379; 3 Grat. 215; 42 Ky. 253; 67 Ky. 215; 27 N. J. L. 539; 2 Thomp. on Corp., secs. 1068, 1071, 1161. *Court in such proceeding should not take property from possession of one and put it in possession of another:* 27 S. C. 415; 19 S. C. 286.

*Messrs. Jno. D. Cappelmann, N. B. Barnwell* and *F. Wm. Cappelmann,* contra, cite: *Acts of ecclesiastical bodies are final in ecclesiastical matters:* 13 Wall. 679; 91 N. W. 886; 67 S. C. 338; 14 L. R. A. 518. *After acquiescing in corporate action for a number of years, appellants cannot object now:* Code 1902, 2839, 2866; 76 S. C. 77; 67 S. C. 338; 6 Thomp. on Corp. 7374; 18 Am. D. 99; 4 Gill 498; Angell and Ames on Corp. 491, 495; 12 Vt. 688; 10 Conn. 200; 27 At. 998. *The local congregation form a part of the religious organization:* 13 Wall. 679. *The Courts will recognize that part of the church maintaining the church organization:* 13 Wall. 679; 24 L. R. A. 615; 14 L. R. A. 518; 34 S. W. 875; 8 Am. R. 275. *Those in full control of property are properly so left:* 92 S. C. 348; 69 S. C. 156; 67 S. C. 338; 72 N. W. 600; 35 At. 869; 9 Wheat. 841; 13 Wis. 348; 5 Am. R. 415; 63 S. W. 48; 199 U. S. 279.

June 30, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. For the reasons given by the Circuit Judge, the Hon. Geo. E. Prince, it is the judgment of this Court that the order made by the Circuit Judge be affirmed.