### 1623

Henry DILLARD, Presiding Assistant Bishop, and Clary K. Butler, Pastor of the House of God which is the Church of the Living God the Pillar and Ground of the Truth without Controversy, Inc.,—Keith Dominion, of Cayce, S.C., Appellants v. Alfonso JACKSON and Gary E. Wright, Respondents.

(403 S.E. (2d) 136)

Court of Appeals

80

*William T. Toal* and *I.S. Leevy Johnson,* Columbia, *for appellants.*

*Kellum W. Allen,* of *Kirkland, Taylor, Wilson, Moore, Allen & Deneen,* West Columbia, *for respondents.*

Heard Jan. 21, 1991.

Decided March 4, 1991.

GARDNER, Judge:

Henry Dillard (Dillard) and Clary K. Butler (Butler), respectively the Assistant Bishop and Pastor of the House of God which is the Church of the Living God the Pillar and Ground of the Truth without Controversy, Inc., — Keith Dominion, of Cayce, South Carolina, brought this action to quiet title to the subject property in Lexington County, South Carolina, and to enjoin Alfonso Jackson and Gary E. Wright from coming upon the church property. The special referee concluded as a matter of law, that (1) the House of God is a hierarchical church, (2) the Cayce church property is owned by the House of God as a national church and, therefore, is not

owned by the Keith Dominion, (3) the plaintiffs Dillard and Butler, is their official capacity as officers of the House of God, are entitled to the beneficial use of the church property and denied the plaintiffs' prayer for an injunction. The appealed order of the circuit court affirmed the report of the special master. We affirm in part, reverse in part and remand.

## ISSUES

Bishop Dillard and Pastor Butler take exception to each finding of the special referee; these exceptions constitute the issues on appeal.

## FACTS

Alfonso Jackson and Gary E. Wright along with all other members of the Cayce church congregation withdrew from the House of God and thereafter asserted their right to the Cayce church of the House of God.

The House of God was founded in 1903 by Mother H.L. Tate, who died in 1931.[1] The church was incorporated in South Carolina in 1929. After Mother Tate's death in 1931, the House of God split into three dominions: the Keith Dominion, the Jewel Dominion and the Lewis Dominion. South Carolina was and still is in the Keith Dominion. Thereafter a controversy arose between the dominions. In 1939, the general assembly of the church met at its general headquarters in Tennessee. The Supreme Executive Counsel decided the controversy by agreeing that (1) during the next twelve month period, until the next general assembly met, each chief overseer be given their existing dominion and (2) the people in each dominion be given a twelve month trial period to the chief overseer until the next general assembly when they could choose to be in another dominion.

In the 1960's, the general headquarters of the national church was sold pursuant to court order and the proceeds were split evenly between the three dominions. It appears that the Supreme Executive Counsel of the national church has not met in the last thirty or forty years.

---

[1] The church's original name was the Church of the Living God the Pillar and Ground of the Truth. It was later changed to the House of God which is the Church of the Living God the Pillar and Ground of the Truth Without Controversy.

## DISCUSSION

Questions one and two are interrelated; we address them as one question.

### I. and II.

We agree with the special referee's conclusion of law ■ that the House of God is a national church and that title to the Cayce church property rests in the national church.

Although it appears that the Supreme Executive Counsel has not met for many years, there has always been the potential for such a convention or meeting. The three dominions of the House of God have been viable and active during this time and have operated under the authority of the Decree Book (formally known as "The Constitution Government and General Decree Book" of the Church of the Living God the Pillar and Ground of the Truth Without Controversy).[2]

The governing body of a religious society may adopt a constitution and prescribe rules and regulations as to the government of the society and as to the discipline, worship and doctrine of the group. Such constitution, rules and regulations are obligatory among the members, congregations and officers of such societies and are given effect by the civil courts so long as they are reasonable and not inconsistent with or repugnant to the laws of the land, and so long as they are conformable and subordinate to the charter of the society where incorporated. 66 Am. Jur. (2d), Religious Societies § 7 (1973).

Bishop Dillard testified as follows:

A. Exhibit No.—that—that's the Decree Book that govern all that abides in the body of the House of God Which is The Church of the Living God the Pillar and Ground of the Truth.

Q. All right. Now, member churches, for example, the Cayce church, do they have the right to promulgate their own rules and regulations?
A. No, they do not.
Q. The churches that affiliate with the national church,

---

[2] There have been at least three printings of this Decree Book. The most recent reprint was in 1983. This is further evidence of the national church's existence.

are they obligated to abide by the constitution in the Decree Book?

A. Yes, they are.

\* \* \* \* \* \*

Q. Who owns the property of your church? Does the local congregation own it or does the national body?

A. The national body owns the property of the church.[3]

After carefully studying the record and the Decree Book, we affirm the finding of the court that the Cayce church is a hierarchical church owned by the national body of the House of God.

## III.

The main issue of this case is whether when the congregation of an hierarchical church withdraws from the church, the congregation is entitled to the church property. The well-settled answer to this question is that the title and right of possession of the church property remains in the hierarchical church, in this case the House of God.

The South Carolina appellate courts have yet to face a situation in which the congregation as a whole withdrew and contended that the church property belonged to it. The law on this question is settled. The South Carolina Supreme Court has held that when a church splits, the courts will not undertake to inquire into the ecclesiastical acts of the several parties, but will determine the property rights in favor of the party or division maintaining the church organization as it previously existed. *Bramlett v. Young*, 229 S.C. 519, 93 S.E. (2d) 873 (1956); *Middleton v. Ellison*, 95 S.C. 158, 78 S.E. 739 (1913). We accordingly hold that when the entire congregation withdraws from the hierarchical church, the title to the church property remains in the church and does not follow the congregation.

Plaintiff Bishop Dillard is one of two state bishops of the House of God for South Carolina. In his official capacity as bishop of the district which includes Cayce, he is in charge of

---

[3] This testimony is corroborated by the Decree Book which states that "the titles of all property belonging to and intended for this church shall remain with this church perpetually." Decree Book, p. 69.

the use of the Cayce church. Butler was duly appointed the pastor of the Cayce church. Accordingly, we affirm the trial judge's holding that Dillard and Butler, in their official capacity as officers of the House of God, are entitled to the beneficial use of the church property, including the right of possession and the right of control of the property.

This court deems it unnecessary to enjoin the defendants from attending services at the Cayce church as long as their conduct conforms with this decision and the constitution, rules and regulations contained in the Decree Book of the House of God.

That portion of the appealed order which provides that both appellants and respondents in this action have the right of possession of the Cayce church is hereby reversed. We hold that the right of possession and the occupancy rests with the House of God and the members of that church.

## CONCLUSION

For the reason given, we hold that the House of God is a hierarchical church, that title to the Cayce church is in the national church and that Dillard and Butler, in their official capacity as officers of the House of God—Keith Dominion, are entitled to the beneficial use, control and possession of the Cayce church property. We hold that the trial judge erred in ordering that persons not belonging to the House of God— Keith Dominion have any right of possession to the Cayce church. This includes respondents Jackson and Wright. Accordingly, the appealed order is affirmed in part, reversed in part and remanded for entry of judgment in accordance with this decision.

Affirmed in part, reversed in part and remanded.

SANDERS, C.J., and BELL, J., concur.